# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRYAN MYGRANT et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CIVIL ACTION 18-0264-WS-M |
| | ) |
| GULF COAST RESTAURANT GROUP, | ) |
| INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This FLSA action continues to be before the Court on the parties' joint motion to approve settlement. (Doc. 52). In its first order on the motion, (Doc. 55), the Court required the parties to address a number of aspects of the settlement the Court found problematic. The parties ably responded. (Doc. 56). In its second order, the Court granted conditional certification to a class as described therein and appointed a settlement administrator. (Doc. 57 at 2, 9). The Court declined to consider final settlement before potential opt-in plaintiffs receive notice and an opportunity both to opt in and to object to the proposed terms of the settlement. (*Id*. at 2-4). The Court declined to preliminarily approve the settlement agreement for two reasons: (1) it provided for complete payment of attorney's fees well before the completion of counsel's duties; and (2) it provided for release of all wage and compensation claims arising under local, state or federal law without any mechanism for receiving advice of counsel. (*Id*. at 6-9). The Court ordered the parties to address the attorney's fees and release issues and to submit a revised settlement agreement, notice and consent to join form. (*Id*. at 13).

The revised settlement agreement adjusts the timing of the payment of attorney's fees in accordance with the Court's order. (Doc. 62-1 at 12). The revised notice advises potential opt-in plaintiffs of their right to object to the proposed settlement, also in

accordance with the Court's order. (Doc. 62-2 at 1, 3). Left for consideration is the matter of releases.

The revised settlement agreement is inconsistent in its description of the scope of the release. Newly inserted language limits the release to "wage and hour claims that arise from the facts pled in the Complaint," while the original language – which remains in the revised settlement agreement – narrows the release to "wage and compensation claims … pled in the operative Complaint." (Doc. 62-1 at 14). The language of the amended notice likewise confines the universe of released claims to those actually pleaded in the complaint. (Doc. 62-2 at 4). Moreover, the proposed order approving settlement provides that the opt-in plaintiffs "will release only FLSA claims for unpaid wages." (Doc. 56-1 at 2). Despite these mixed signals, it appears from the parties' brief that their intent is the more expansive, "arise from the facts pled" formulation, (Doc. 62 at 2-3), and the Court proceeds with that understanding.

Many courts addressing the issue have concluded that expansive releases are problematic in the FLSA context, due to the risk an employer will extract a release of potentially valuable claims in exchange for nothing more than paying the plaintiff what it is already unconditionally required by the FLSA to pay (or some lesser amount reflecting the uncertainty of recovery). *E.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). While some courts refuse to permit such a release, *e.g., id.* at 1352, this Court is willing to accept an expansive release so long as the releasing plaintiffs understand what they are releasing and the risks involved, supported by advice of counsel. *Luker v. Wilcox Hospital Board*, 2014 WL 3518386 at *5 (S.D. Ala. 2014); *Crabtree v. Volkert*, 2013 WL 593500 at *5-6 (S.D. Ala. 2013). The Court so informed the parties in its second order. (Doc. 57 at 8).

The parties argue there is no basis for heightened scrutiny of a release that, as here, extends beyond pleaded claims but does not extend to claims unrelated to wages and compensation. Even if there is such a basis in general, they continue, there is no such basis in this case, because the released claims "logically have no value" beyond that of the FLSA claims asserted and compromised. (Doc. 62 at 3-7).

2

As to the former argument, the Court concludes that the same "something for nothing" concern animating judicial aversion to global releases remains present, albeit attenuated, in the context of more limited releases. *Colon v. Garda CL Southeast, Inc.*, 2015 WL 13812275 at *1 n.1 (M.D. Fla. 2015). The parties cite, and the Court has reviewed, cases that permit releases of unpleaded state and federal wage and compensation claims without further analysis, but none that provides a satisfactory rationale for exempting such releases from judicial scrutiny.

As to the latter argument, the parties present a good description of possible wage and compensation causes of action in the four states covered by this lawsuit. Even the general improbability of a valuable released claim, however, is inadequate to demonstrate that none of the approximately one thousand potential opt-in plaintiffs – any of whom might assert unusual circumstances such as a side agreement with the defendants – has such a claim.

As noted, the Court will approve a release of unpleaded claims when it is shown that the releasing plaintiff was assisted by counsel. The parties are amenable to such a procedure. (Doc. 62 at 7). The release provision therefore is preliminarily approved, subject to a demonstration before final approval that all opt-in plaintiffs seeking advice of counsel regarding the release provision have received it.

The Court is now in a position to resolve the joint motion to approve settlement. For reasons set forth above and in previous orders, the motion is **granted** to the extent it seeks preliminary approval of the proposed settlement (including service awards and attorney's fees and costs) and is **denied** to the extent it seeks final approval, without prejudice to the parties' ability to seek final approval following closure of the opt-in and objection period.

The additional relief sought by the joint motion, (Doc. 52 at 2), is also **granted**. This action is administratively **stayed** pending final approval of the settlement and completion of the procedures and payments described in the revised settlement agreement. Assuming final settlement approval, the Court will retain jurisdiction over this action during the settlement process outlined in the revised settlement agreement,

with the parties to file a joint motion for dismissal with prejudice within 14 days of completion of the settlement process. Other than as stated in that agreement, the parties are responsible for their own attorneys' fees and costs.

The revised notice does not fully reflect the Court's rulings and so must be modified accordingly. Other tweaks are designed to clarify the notice and correct errors therein. Before sending out the notice, the parties are **ordered** to modify it as follows:

- On page 1, change "you will preserve any rights you have under the terms of the settlement" to "you will preserve any rights you have under the law";
- On page 2, change "Half Shelf" to "Half Shell";
- On page 2, after the final sentence of Paragraph 1, add: "The Court will not reach a decision regarding final approval of the settlement until after the claim period described in Paragraph 5 expires."
- On page 4, alter the language of Paragraph 9 to reflect (consistent with the revised settlement agreement, (Doc. 62-1 at 14)), that release occurs only upon accepting payment, not simply upon opting in;
- On page 4, alter the language of Paragraph 9 to accurately reflect the scope of the release, both temporal and subject matter, to parallel the revised settlement agreement. (Doc. 62-1 at 14).

DONE and ORDERED this 15th day of November, 2019.

s/WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE