IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRIAN MYGRANT and
JONATHAN WEBBER, on behalf of
themselves and all other similarly
situated employees,

    Plaintiff,                                   CASE NO.: 1:18-cv-00264-WS-M

v.

GULF COAST RESTAURANT GROUP,
INC.; HALF SHELL OYSTER HOUSE,
INC.; and ROBERT TAYLOR d/b/a
HALF SHELL OYSTER HOUSE,

    Defendants.
_____/

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Named Plaintiffs, Brian Mygrant and Jonathan Webber ("Named Plaintiffs"), and Defendants, Gulf Coast Restaurant Group, Inc., Half Shell Oyster House, Inc., and Robert Taylor d/b/a Half Shell Oyster House (collectively, "Defendants" or "Gulf Coast"), submit this Joint Motion for Final Settlement Approval. The Parties incorporate by reference into this joint motion their prior filings seeking approval of their settlement. [Docs. 52–53, 56, 62.] The Court preliminarily approved the settlement, subject to final approval after the Parties apprise the Court of any objections by opt-in plaintiffs and after the Parties satisfy the Court that "all opt-in plaintiffs seeking advice of counsel regarding the release provision have received it." [Doc. 63.] For the reasons stated in the Parties' prior filings and because the Parties have addressed all this Court's concerns and because the settlement has been well received by the class members, the Court should finally approve the settlement.

The notice, opt-in, and objection period has ended. The settlement administrator, Rust Consulting, Inc. ("Rust"), mailed the notice and claim forms to 1006 individuals eligible to participate in the settlement ("Eligible Class Members"). Rust re-mailed notices to 165 Eligible Class Members whose original notices were returned to Rust as undeliverable. There remain only 61 Eligible Class Members (6.06%) for whom Rust could not find an updated address or for whom Rust's mailing to an updated address was also returned as undeliverable. **No Eligible Class Members have objected to the settlement.**

Of the Eligible Class Members, 365 or 36.28% submitted timely claim forms ("Timely Claimants"). Although the 60-day opt-in period ended on February 11, 2020, Defendants agreed to include any claimants who submitted their notices to Rust by March 11, 2020. In addition to the Timely Claimants, 8 Eligible Class Members submitted untimely claims ("Late Claimants"). Defendants agreed to permit all the Late Claimants to participate in the settlement. The total dollar value of the claims of the Named Plaintiffs, the Timely Claimants, and the Late Claimants equals $928,191.53.

To address the Court's concerns about the scope of the release contained in the settlement agreement, Plaintiffs' counsel communicated with all the Timely Claimants and the Late Claimants via email, telephone, and text message. Counsel explained the scope of the release and that the claimants may have individual circumstances causing the release to extinguish valuable claims. Plaintiffs' counsel requested that the claimants respond to counsel's communication either by stating that they understood and accepted the release or by notifying counsel that they had questions or concerns about the scope of the release.

Of the 365 Timely Claimants, 329 or 90.14% responded and confirmed that they understood and agreed to the scope of the release without questions. Of the remaining 36 Timely

Claimants, 23 have not responded, and 13 indicated to counsel that they had questions about the release. Plaintiffs' counsel has contacted the 23 Timely Claimants who have not yet responded multiple times via email, telephone, and text message. Depending on when the 23 Timely Claimants opted into the settlement, Plaintiffs' counsel attempted at least 2 telephone contacts (call or text message or both) and between 2 and 4 emails requesting a response.[1] Of the 13 individuals who indicated that they had questions about the scope of the release, Plaintiffs' counsel has spoken with 12 of them and has provided legal advice regarding the release; those 12 individuals all agreed to the release's scope. Plaintiffs' counsel has been unable to discuss the questions of one individual, because that individual has not yet responded to repeated emails, telephone calls, and text messages from Plaintiffs' counsel attempting to discuss her questions and to provide legal advice.[2] Of the 365 Timely Claimants, 341 or 93.42% have responded and agreed to the scope of the release. **No Timely Claimants have objected to the scope of the release.**

Of the 8 Late Claimants, 7 or 87.50% have so far responded and confirmed that they understood and agreed to the scope of the release without questions. Plaintiffs' counsel will continue to contact the one Late Claimant who has not yet responded to obtain his consent to the scope of release.[3] **No Late Claimants have objected to the scope of the release.**

Overall, the response of the Eligible Class Members to the settlement has been strong. Nearly 37% chose to join the settlement, and none objected. Plaintiffs' counsel believes that they have adequately addressed the Court's concerns over the scope of the release. After receiving an

---

1. Plaintiffs' counsel will continue attempting to contact the 23 Timely Claimants who have not yet responded. One of these claimants is a submariner in the United States Navy who is currently deployed and unable to receive or to send emails.

2. Plaintiffs' counsel will continue to attempt to provide legal advice to this individual regarding the settlement and the scope of her release.

3. The Parties remind the Court that, under the terms of the settlement agreement, claimants do not waive any claims until they cash their settlement checks.

explanation of the scope of the release and inviting questions from all Timely Claimants and Late Claimants, over 93% of the 373 Timely Claimants and Late Claimants have expressly acknowledged that they understand and accept the release, and 12 Timely Claimants had their questions addressed after consultation with counsel about their individual situations.

Finally, Defendants provided back-up information for 5 Timely Claimants selected by Plaintiffs' counsel, who used this information to audit and to validate the payroll information Defendants provided during the settlement process. Based on this review and Plaintiffs' counsel's communications with the Timely Claimants and the Late Claimants during the opt-in period, counsel has no reason to believe that Defendants underreported hours worked for the Timely Claimants or the Late Claimants.

For these reasons, the parties respectfully request that the Court finally approve their settlement.

Dated:  March 27, 2020               Respectfully submitted,

                                                        **ALL PLAINTIFFS**

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III
YEZBAK LAW PLLC
2021 Richard Jones Rd., Ste. 310A
Nashville, TN 37215
Tel.: (615) 250-2000
yezbak@yezbaklaw.com

Daniel E. Arciniegas
ARCINIEGAS LAW, PLLC
501 Union Street, Suite 501
Nashville, Tennessee 37219
Tel.: (629) 777-5339
Daniel@attorneydaniel.com

**ALL DEFENDANTS**

/s/ *Dena H. Sokolow*
Dena H. Sokolow
BAKER, DONELSON, BEARMAN
　CALDWELL & BERKOWITZ, P.C.
Monroe Park Tower, Suite 925
101 North Monroe Street
Tallahassee, Florida 32301
Tel.: (850) 425-7550
dsokolow@bakerdonelson.com

Zachary B. Busey
*Admitted Pro Hac Vice*
BAKER, DONELSON, BEARMAN
　CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103
Tel.: (901) 577-8164
zbusey@bakerdonelson.com

Daisy C. Karlson
BAKER, DONELSON, BEARMAN
　CALDWELL & BERKOWITZ, P.C.
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, Alabama 35203
Tel.: (205) 250-8370
dckarlson@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2020, I served a true and correct copy of this document via CM/ECF on the following counsel of record:

Zachary B. Busey
*Admitted Pro Hac Vice*
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103
Tel.: (901) 577-8164
zbusey@bakerdonelson.com

Dena H. Sokolow
*Admitted Pro Hac Vice*
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.
Monroe Park Tower, Suite 925
101 North Monroe Street
Tallahassee, Florida 32301
Tel.: (850) 425-7550
dsokolow@bakerdonelson.com

Daisy C. Karlson
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, Alabama 35203
Tel.: (205) 250-8370 dckarlson@bakerdonelson.com

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III