# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRYAN MYGRANT et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 18-0264-WS-M |
| ) | |
| GULF COAST RESTAURANT GROUP,) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This FLSA matter is before the Court on the parties' joint motion for final settlement approval. (Doc. 75). The motion in this respect overlaps with, and to that extent supersedes, the parties' original and still-pending joint motion to approve settlement, (Doc. 52), the unresolved portions of which are thus **denied as moot**.

"Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) (under *Lynn's Food Stores*, which "applies to settlements between former employees and employers" as well as current employees, an FLSA settlement not made under the supervision of the Secretary of Labor "is valid only if the district court entered a 'stipulated judgment' approving it").

Upon review of the pleadings, the instant and previous motions, and the memoranda and other materials submitted by the parties (which reflect the satisfaction of

the Court's concerns as expressed in previous orders), and for reasons set forth therein and in the Court's previous orders, the Court finds that the settlement is fair and reasonable under the governing standards. Accordingly, the motion is **granted**, and the settlement is **approved**.

The revised settlement agreement provides for the parties to submit a joint motion for dismissal with prejudice following the close of the "cashing period." (Doc. 62-1). It appears from the Court's review of the revised settlement agreement and the instant motion that the deadline for any such submission will be on or about August 20, 2020.

The Court notes that *Lynn's Food Stores* and *Nall* require consummation of an FLSA settlement to be by "stipulated judgment." An order of dismissal with prejudice does not satisfy that requirement. As plaintiffs' counsel is aware, the Court requires a judgment listing each plaintiff and the amount awarded to that plaintiff. *King v. Cotton Bayou Marina, Inc.*, Civil Action No. 18-0314-WS-B, Docs. 65, 68. The parties are therefore **ordered** to file a proposed stipulated judgment on or before **August 20, 2020**.

DONE and ORDERED this 1st day of April, 2020.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE