# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRYAN MYGRANT et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 18-0264-WS-M |
| ) | |
| **GULF COAST RESTAURANT GROUP,** ) | |
| **INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This settled FLSA matter is before the Court on the defendants' Rule 59(e) motion to amend or alter judgment. (Doc. 82). The defendants argue that the Court, rather than entering without alteration the parties' proposed stipulated final judgment ("PSJ"), (Doc. 79), improperly made a "finding of fault" on the part of the defendants and entered final judgment "on the merits" in favor of the plaintiffs. (Doc. 82 at 3, 6, 7). As relief, they ask the Court to conform the final judgment, (Doc. 81), to the parties' PSJ.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotes omitted). Such a motion "cannot be used to … raise argument … that could have been raised prior to the entry of judgment." *Id*. (internal quotes omitted).

The defendants argue that, by stating the plaintiffs, opt-in plaintiffs and counsel "shall have and recover" the agreed amounts, and by declaring that "judgment is hereby entered in favor of each plaintiff and opt-in plaintiff listed above and against defendants," the final judgment erroneously was entered "on the merits" of the case and thus incorrectly makes a "finding of fault" that the defendants have violated the FLSA. Their argument, unsupported by any citation to authority, appears incorrect on its face. Like most money judgments, the final judgment states that the plaintiffs and opt-in plaintiffs

"shall have and recover" certain sums and enters judgment, but it also states that this recovery is "[i]n accordance with the orders of Court entered in this case." (Doc. 81 at 1). One of those orders, of course, is the Court's order finding the settlement to be fair and reasonable under governing standards and accordingly granting the parties' motion for final settlement approval. (Doc. 76). It seems plain, then, that the judgment was not "on the merits" but "in accordance with" the parties' approved FLSA settlement. By offering no authority or explanation to support their contrary position, the defendants necessarily have failed to demonstrate a manifest error of law or fact.[1]

All agree that settlement of an FLSA wage claim, when the Department of Labor is not involved, requires "a stipulated judgment." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The defendants concede that the final judgment correctly sets forth the amounts they agreed to pay to each plaintiff and opt-in plaintiff, as well as to counsel. Instead, they assert that the final judgment is not "stipulated" because it changes the PSJ's proposed language that the plaintiffs, opt-in plaintiffs and counsel "have received" the specified sums to read that they "shall have and recover" such sums and enters judgment accordingly.

The defendants acknowledge that the Eleventh Circuit has not defined "stipulated judgment," other than to say that "a judgment to which one side objects is not a stipulated one." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013). The plaintiff in *Nall* denied that the proposed settlement was a fair and reasonable resolution of the dispute to begin with, *id.*, so it does not easily support the proposition to which the defendants would stretch it – that a court presented with what all agree is a fair and reasonable settlement is powerless to modify the language (as opposed to the terms) of any proposed stipulated judgment submitted by the parties.

---

[1] Although unnecessary to resolution of the instant motion, the Court notes that other settling FLSA litigants have requested the Court to enter a judgment awarding the plaintiffs (and counsel) specific sums and declaring that "judgment is entered." *Odom v. Bahama Bob's Beachside Café, Inc.*, Civil Action No. 17-0074-WS-N, Doc. 26; *Pugh v. Platinum Contracting Group, LLC*, Civil Action No. 16-0584-WS-B, Doc. 26-1. Nor has any litigant in any of the many other FLSA cases in which a similar judgment has been entered by the Court objected to it.

Again, the defendants object to the language directing them to pay the sums they have agreed to pay (and have in fact paid). *Lynn's* itself called for the settlement agreement (which requires payment of certain sums) to be "entered as a stipulated judgment." 679 F.2d at 1353. In doing so, *Lynn's* relied on a case in which final judgment was entered in a settled FLSA case ordering the defendant to pay the plaintiffs and intervenors specified sums – a filing the Fifth Circuit described as a "stipulated judgment." *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). The defendants have, in short, failed to demonstrate that it is a manifest error of law in a settled FLSA case to direct that the plaintiffs have and recover the agreed sums, and to enter judgment accordingly, unless the defendant has expressly agreed in advance to that standard judgment language.

As noted, *Arthur* holds that a party may not prevail under Rule 59(e) with an argument that could have been raised prior to the entry of judgment. The defendants say they "would have proffered this objection [to the Court's "have and recover" and "judgment is entered" language] prior to the entry of the Final Judgment had there been an opportunity to do so." (Doc. 82 at 7). Months ago, the Court advised the parties that "the Court requires a judgment listing each plaintiff and the amount awarded to that plaintiff." (Doc. 76 at 2). The defendants now identify that very sentence as describing the asserted legal error to which they object, (Doc. 82 at 2), thereby effectively conceding they could have objected before entry of judgment.[2]

For the reasons set forth above, the defendants' motion to amend or alter judgment is due to be denied on its merits. However, given the plaintiffs' lack of objection to the defendants' motion, (Doc. 84), the motion is **granted in part**. To the extent the defendants request that the final judgment: repeat the previous ruling finally approving the parties' settlement; substitute "have received" for "shall have and recover"; and

---

[2] The Court's order even directed the parties to a specific judgment in a specific FLSA case as an example of the form of judgment the Court would enter, with that judgment utilizing the same "have and recover" and "judgment is entered" language to which the defendants now object.

remove language concerning the entry of judgment, the motion is **granted**. In all other respects (including the request that the Court retain jurisdiction to enforce the already-consummated settlement), the motion is **denied**. Amended judgment shall be entered accordingly by separate order.[3]

    DONE and ORDERED this 28th day of October, 2020.

                                                    s/ WILLIAM H. STEELE
                                                   UNITED STATES DISTRICT JUDGE

---

[3] The defendants are **ordered** to submit, on or before **October 30, 2020**, a Word version of the PSJ as originally submitted.